# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAKESHIA THOMAS PRICE, JAYLAN THOMAS,**
**JAMYA THOMAS PRICE and LILLY THOMAS PRICE,**
        **Plaintiffs,**
    v.

**Case No. 06-C-632**

**GREGORY HEYRMAN, JILL ZEISE,**
**GARY KELLER, RONALD LINZMEYER,**
**SAMPSON JACQUES, RICHARD TANK,**
**JAMES HENNER, DENNIS DEVALKENAERE,**
**and BRIAN BOUSSEAU,**
        **Defendants.**

## DECISION AND ORDER

On May 10, 2006, plaintiff Lakeshia Price filed a pro se civil rights complaint under 42 U.S.C. § 1983. On June 29, 2006, I concluded that, although plaintiff met the poverty requirements of 28 U.S.C. § 1915, her complaint, even construed liberally, was devoid of information from which I could conclude that she had stated an arguable constitutional claim. Accordingly, I denied plaintiff's request to proceed in forma pauperis without prejudice and ordered plaintiff to either pay the required filing fee or file an amended complaint setting out her allegations with greater specificity. I ordered plaintiff to pay the filing fee or file her amended complaint by July 28, 2006.

On July 31, 2006, plaintiff filed a document which, although not labeled as such, suffices as an amended complaint.[1] The caption of the amended complaint, unlike the original

---

[1] Although plaintiff did not explicitly title the document as her amended complaint, the document contains the components of a complaint, and it is apparent that plaintiff attempted to style the document as a complaint. Additionally, although plaintiff notes above the caption of her document that she requests injunctive relief, a thorough reading of the document reveals no such request. Thus, I will not address it here.

complaint, indicates that plaintiff is bringing the action on her own behalf, as well as her children's behalf. Because my conclusion that plaintiff has met the poverty requirement of § 1915 remains unchanged, I address only whether she has stated arguable constitutional claims.

## I.  STANDARD OF REVIEW

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both non-prisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997), overruled on other grounds by Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court

must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in her favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## II.  FACTS AND BACKGROUND

Plaintiff alleges that officers with the Brown Deer Police Department and the Milwaukee Police Department entered her home on January 25, 2006, and conducted a warrantless search without probable cause. She asserts that the officers arrived at her home at 2:30 p.m and did not obtain a search warrant until after 10:00 p.m. She further alleges that she was held hostage at gun point by defendant Jill Zeise, acting on orders of defendant Sgt. Gregory Heyrman, while numerous officers ran in and out of the apartment. She asserts that neither she nor her children were able to communicate with anyone for over eight hours, even for the purpose of taking the children out of the situation. Plaintiff also alleges that defendant Heyrman made her and her children lie on the ground, threatened to take her children away, revoke her parole and close her daycare if she did not cooperate. She maintains that the defendant-officers conspired to deprive her of her civil rights.

## III.  DISCUSSION

Plaintiff lists the following causes of action: violation of rights to free speech and assembly, 42 U.S.C. § 1983 and 28 U.S.C.§ 1443[2] (First Cause of Action); deprivation of rights

---

[2]Section 1443 of Title 28, United States Code, provides that specified civil actions or criminal prosecutions commenced in a State court may be removed by the defendant to federal court.

-3-

and conspiracy, 42 U.S.C. § 1983 and 18 U.S.C. § 241 (Second Cause of Action); denial of due process (Third Cause of Action);[3] conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985[4] (Fourth Cause of Action); "Defamation by Libel" (Fifth Cause of Action); violation of right to equal protection under the Fourteenth Amendment and 42 U.S.C. § 1981 (Sixth Cause of Action); and a violation of 42 U.S.C. § 1986 against defendants Heyrman and Zeise (Seventh Cause of Action). I address each claim herein.

**A. Claims of Minor Children**

In her amended complaint, plaintiff seeks to assert the claims of her three minor children. In the Seventh Circuit, a parent may not proceed pro se (that is, without a lawyer) on her children's behalf, even as their legal guardian. Navin v. Park Ridge School Dist, 64, 270 F.3d 1147, 1149 (7th Cir. 2001). Thus, I will dismiss the claims of Jaylan Thomas, Jamya Thomas Price and Lilly Thomas Price without prejudice. If plaintiff later obtains legal representation, she may seek to file an amended complaint or initiate a new action on their behalf.

**B. Section 1983 Claims**

To state a claim under § 1983, a plaintiff must allege two elements: (1) she was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; (2) by a person acting under color of state law. Doe v. Smith, 470 F.3d 331, 338 (7th Cir. 2006). In the present case, plaintiff alleges violations of her rights under the First

---

[3] Throughout plaintiff's complaint, she also makes continued reference to defendant's lack of probable cause and illegal search of her home.

[4] Plaintiff also lists 18 U.S.C.S. Appx. § 231. & 3C.11, which I was unable to locate. (Complaint at V.)

-4-

Amendment, Fourth Amendment, Eighth Amendment, Fourteenth Amendment Due Process Clause and Fourteenth Amendment Equal Protection Clause.

Plaintiff first alleges that defendants Zeise, Keller and Heyerman violated her First Amendment rights to free speech and free assembly by prohibiting her from (1) removing her children from the situation or having control over her children; (2) contacting her parents or friends so that they could retrieve her children during the search of her home; and (3) speaking to her husband. "Courts have recognized detainees' and prisoners' first amendment right to telephone access." Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir.1986). Further, the right to assembly protects certain family relationships. Bd of Dir. of Rotary Intern. v. Rotary Club of Duarte, 481 U.S. 537, 545 (1987). Given plaintiff's allegations, she has stated at least a cognizable claim for a violation of her right to free speech and free assembly under the First Amendment.

Second, plaintiff avers that defendants Tank, Henner, Devalkennger, Baisseau, Zeise and Heyerman violated her Fourth Amendment rights by illegally searching her home, seizing personal effects and refusing to allow her or her children to leave. The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. See, e.g., Payton v. New York, 445 U.S. 573, 586 (1980). The Amendment further forbids the unreasonable seizure and/or detention of a person. See, e.g., Brown v. Texas, 443 U.S. 47, 50 (1979). Plaintiff has thus stated a cognizable claim of a Fourth Amendment violation.

Third, plaintiff contends that the officers' prolonged detention of her, coupled with their threats and intimidation, violated the Eighth Amendment's prohibition on cruel and unusual punishment. However, the Eighth Amendment applies only to individuals who have been

convicted of a crime. See Collignon v. Milwaukee County, 163 F.3d 982, 987 (7th Cir.1998). In Titran v. Ackman, 893 F.2d 145, 147 (7th Cir. 1990), the Seventh Circuit explained that three different parts of the Bill of Rights apply in sequence during arrest and confinement: "[f]orce during arrest must be reasonable within the Fourth Amendment; between arrest and conviction the government may not 'punish' the suspect without due process of law; after conviction the government may not inflict cruel and unusual punishment." Plaintiff was not convicted, nor does it appear she was she arrested during the time of the alleged acts. Thus, I will dismiss plaintiff's Eighth Amendment claim. Because I have already concluded that plaintiff has stated a claim under the Fourth Amendment, any allegations regarding her treatment during the search also survive under the Fourth Amendment.

Fourth, plaintiff alleges that defendants' actions in the search of her home, including threats to take her children, to revoke her parole and to revoke her business license violated her right to due process under the Fourteenth Amendment. However, if a claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision rather than as a due process claim. Tesch v. County of Green Lake, 157 F.3d 465, 471 (7th Cir.1998). Thus, plaintiff's claim regarding the search and the officer's treatment of her during the search is properly analyzed under the Fourth Amendment.

However, several of plaintiff's allegations may also be sufficient to allege a violation of the constitutional right to familial relations under the Fourteenth Amendment's Due Process Clause. See Doe v. Heck, 327 F.3d 492, 518 (7th Cir. 2003) (finding claim that social workers threatened to remove child from parents without cause sufficient to state due process claim). Plaintiff's allegations regarding defendants' actions, including threatening to take her children

-6-

from her, refusing to allow family members to communicate amongst themselves, and refusing to allow plaintiff and her children to leave the home during the search state at least a cognizable due process claim.

Finally, plaintiff alleges that defendants deprived her of equal protection of the laws. An individual may state a claim under the Equal Protection Clause by alleging that a governmental actor intentionally discriminated against her based on her race, Washington v. Davis, 426 U.S. 229, 239 (1976), or that she has been intentionally treated differently from others similarly situated without any rational basis for the difference in treatment, Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Here, plaintiff alleges that defendants' unwarranted entry into her home and threats against her were wholly unrelated to any legitimate state objective and were racially motivated. Thus, she has stated an equal protection claim.

**C.  Title 18 Claims**

Section 241 of Title 18, United States Code, is a criminal statute prohibiting conspiracy to injury any person in the free exercise or enjoyment of any constitutional right or privilege. As a criminal statute, it does not form the basis of a claim in this civil case.

**D.  Section 1981 Claims**

Section 1981 of Title 42, United States Code, addresses racial discrimination in contractual relationships. To establish a claim under § 1981, the plaintiff must show that: 1) she is a member of a racial minority; 2) the defendant had an intent to discriminate on the basis of race; and 3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract). Morris v. Office Max, Inc., 89 F.3d 411, 413-14 (7th Cir. 1996). "A claim for interference with the right to make and enforce a

-7-

contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities." Id. at 414-15. Plaintiff's complaint does not allege the loss of a contract interest. Thus, she does not raise an arguable claim of discrimination under § 1981, and this claim will be dismissed.

**E.    Civil Conspiracy Claims**

Next, plaintiff alleges that defendants conspired to deprive her of her civil rights. It appears that plaintiff's § 1985 claim arises under § 1985(3) since subsection (1) relates to conspiracy to prevent persons from accepting or holding office or preventing an officer from performing his duties, and subsection (2) relates to obstructing justice and intimidating a party, witness or juror in a court proceeding.

Although civil conspiracy is not subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), a complaint must minimally allege the parties, the general purpose, and the approximate date of the conspiracy. Loubser v. Thacker, 440 F.3d 439, 442-43 (7th. Cir.), cert. denied, 126 S. Ct. 2944 (2006). Further, claims under § 1985(3) require allegations of "racial or class-based discrimination," i.e., there must be some averment of "some racial, or perhaps other class-based invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Here, plaintiff has alleged the parties to the conspiracy, encompassing the nine officers named in the complaint; the general purpose, to deprive plaintiff of the equal protection of the laws and various other constitutional rights; and the approximate date, January 25, 2006. Plaintiff additionally alleges that such conspiracy is racially motivated. Thus, plaintiff sufficiently alleges a civil conspiracy claim under § 1985(3).

-8-

**F.     Section 1986 Claims**

Section 1986 provides a cause of action against a person who neglects to prevent a conspiracy. Williams v. St. Joseph Hosp., 629 F.2d 448, 452 (7th Cir. 1980). To state a claim under § 1986, a plaintiff must first allege a claim under § 1985. Here, plaintiff has alleged a claim under § 1985(3), and additionally alleges that defendants Heyrman and Zeise neglected to prevent the conspiracy. Thus, she has stated a claim under § 1986.

**G.     Defamation Claims**

As to plaintiff's state law claim of defamation, in Wisconsin, the elements of a common law defamation claim are: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault amounting to at least negligence on the part of the publisher; and 4) either the actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. See Bay View Packaging Co. v. Taff, 198 Wis. 2d 653, 673 (Ct. App. 1995); see also Van Straten v. Milwaukee Journal Newspaper-Publisher, 151 Wis. 2d 905, 912 (Ct. App. 1989).

Reviewing plaintiff's complaint, she does not indicate which defendant, if any, engaged in the allegedly defamatory statement. Accordingly, she has failed to state an arguable defamation claim.

**H.     Identity of Defendants**

Plaintiff names nine defendants in her complaint. However, she also states that the "Actual Parties are those listed in Police dispatch Report for 1-25-06 that included 13Teen Milwaukee and Brown Deer Police officers. . . ." Plaintiff must name the defendants and cannot merely incorporate additional parties by referencing a police report. Construing

-9-

plaintiff's complaint liberally, as I must at this juncture, the complaint states arguable constitutional claims against defendants Heyrman, Zeise, Keller, Sampson, Tank, Henner, DeValkenaere, Linzmeyer and Bousseau.

## IV. CONCLUSION

In sum, plaintiff will be permitted to proceed against defendants Heyrman, Zeise, Keller, Linzmeyer, Sampson, Tank, Henner, DeValkenaere and Bousseau on the claims identified herein. Plaintiff's claims under § 1981, § 241, the Eighth Amendment and her state law defamation claim will be dismissed. Accordingly, plaintiff's motion to proceed in forma pauperis will be granted as to the remaining claims.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's request for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the claim's of Jaylan Thomas, Jamya Thomas Price and Lilly Thomas Price are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's claims under 42 U.S.C. § 241, 42 U.S.C. § 1981, the Eighth Amendment, and her state law defamation claim be and hereby are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Fed. R. Civ. P. 4.

Plaintiff is hereby notified that, from now on, she is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, she may send out identical handwritten or typed copies

of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19 day of January, 2006.

/s
LYNN ADELMAN
District Judge

-11-